# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CLARK,<br><br>    Plaintiff,<br><br>  v.<br><br>FELIX IGBINOSA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-CV-01336-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I. Background**

  Plaintiff Anthony Clark ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on July 6, 2010 in the Sacramento Division of the Eastern District of California. The case was transferred to the Fresno Division on July 26, 2010.

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary of Complaint**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the alleged events occurred.  Plaintiff names as Defendants Matthew Cate, secretary of CDCR; James Yates, warden of PVSP; and Felix Igbinosa, chief medical officer of PVSP.

Plaintiff alleges the following.  On September 10, 2008, Plaintiff was transferred to PVSP.  After being housed in PVSP for seven months, Plaintiff contracted coccidiomycosis, also known as valley fever.  Plaintiff became ill, suffering from severe migraine headaches, coughing, lung problems, stomach aches, and severe pain in his joints.

Plaintiff filed for a transfer to another prison and was denied by Defendants Igbinosa, Yates, and Cate.  Plaintiff was denied because he did not match the clinical criteria for inmate-patients for morbidity related to valley fever, including (1) HIV, (2) history of lymphoma, (3) status post solid organ transplant, (4) chronic immunosuppressive therapy, (5) moderate to severe chronic obstructive pulmonary disease, (6) inmate-patients with cancer on chemo-therapy.

Plaintiff alleges that African Americans are in the highest group for the disseminated stage of valley fever, the more serious form of the disease.  Plaintiff contends that Defendants are fully aware of the consequences of exposure to valley fever.

Plaintiff alleges deliberate indifference.  Plaintiff requests as relief compensatory and punitive damages.

### III. Analysis

Plaintiff is seeking relief for violation of the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). General allegations about the dangerous conditions at PVSP and the failure to warn Plaintiff of those conditions, or risks, are not sufficient to support an Eighth Amendment claim. Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff alleges that Defendants have refused to transfer Plaintiff out of PVSP and are thus exposing him to harm. This is not sufficient to state a cognizable Eighth Amendment claim, as it fails to demonstrate that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. *Farmer*, 511 U.S. at 847. Going to an area which contains valley fever and contracting valley fever are not sufficient to state an Eighth Amendment claim.

Prisoners may state a cause of action under the Eighth Amendment by alleging that prison officials, with deliberate indifference, exposed Plaintiff to a serious, communicable disease that poses "an unreasonable risk of serious damage to [the prisoner's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Even assuming Plaintiff is more susceptible to contracting valley fever, exposure in this instance is not sufficient by itself to establish a deliberate indifference claim. When responding to Plaintiff's inmate grievance requesting transfer because of valley fever, prison officials found Plaintiff did not meet the criteria for a prison transfer. This demonstrates that Defendants considered Plaintiff's request, which would thus fail to indicate

3

1 that Defendants were deliberately indifferent.  If Defendants had, with deliberate indifference,
2 failed to treat Plaintiff for his valley fever, Plaintiff would state an Eighth Amendment claim.
3 However, Plaintiff has not sufficiently plead facts that support a finding that Defendants knew of
4 and disregarded an excessive risk to Plaintiff's health merely for housing Plaintiff in PVSP and
5 denying him a prison transfer.

### IV.	Conclusion And Order

Plaintiff fails to state a claim against any Defendants.  The Court does not find that Plaintiff will be able to amend his complaint to cure the deficiencies identified.  Thus, leave to amend will not be provided.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED for failure to state a claim upon which relief may be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **March 18, 2011**         **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE