# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CLARK,<br><br>        Plaintiff,<br><br>    v.<br><br>FELIX IGBINOSA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-CV-01336-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(DOC. 11) |

       Plaintiff Anthony Clark ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on July 6, 2010. On March 21, 2011, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed it with prejudice for failure to state a claim, and judgment entered. Docs. 9, 10. Pending before the Court is Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed April 5, 2011. Doc. 11.

       Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). This Court's Local Rule 230(j) requires a

party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff reiterates his arguments from his complaint.  Plaintiff contends that he had sufficiently alleged a cognizable Eighth Amendment claim as he had alleged that he had previously contracted valley fever and if he were to contract valley fever again, the symptoms would be worse.  Pl.'s Mot. 3-4.  The Court however, does not find that Plaintiff has alleged a claim.  Plaintiff fails to allege deliberate indifference on the part of Defendants for not transferring Plaintiff to another prison.  Being housed in an area that has valley fever is not sufficient by itself to demonstrate a substantial risk of contraction.  Based on Plaintiff's exhibits incorporated into Plaintiff's complaint, medical personnel at Pleasant Valley State Prison provided him with medication for his valley fever and examined him on several occasions.

No new facts or circumstances exist for the Court to reconsider its judgment.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend the judgment, filed April 5, 2011, is denied.

IT IS SO ORDERED.

Dated:   **November 1, 2011**             **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE